Jacob S. Wessel, Esq., ISB #7529
James D. Holman, Esq., ISB #2547
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

   Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DOROTHY ASTORGA, | ) | Case No. CV-2018-195 |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| IDAHOAN FOODS, LLC, | ) | |
| | ) | |
|   Defendant. | ) | |
| _____ | ) | |

Plaintiff Dorothy Astorga, for cause of action against defendant Idahoan Foods, LLC hereby states and alleges as follows:

1.      Plaintiff Dorothy Astorga is a resident of Rigby, Idaho.

2.      Defendant Idahoan Foods, LLC is an Idaho limited liability company in good standing with its principal place of business in Bonneville County, Idaho.

3.      This is a claim under the Americans with Disabilities Act of 1990 as amended.  This court has jurisdiction of this claim pursuant to 28 USC §1331, which is authorized and instituted pursuant to 42 USC §12117(a).

4.      Defendant is an employer within the meaning of 42 USC §12111(5).

1 -      COMPLAINT AND DEMAND FOR JURY TRIAL

5.     Plaintiff is a qualified individual within the meaning of 42 USC §12111(8) and 42 USC §12112(a).  Plaintiff is and at all material times was a disabled person in that she suffers from an arthritic wrist which affects major life activities.

6.     Plaintiff has exhausted her administrative remedies before the United States Equal Employment Opportunity Commission.  On April 30, 2018 the United State Equal Employment Opportunity Commission issued to plaintiff a notice of right to sue.

COUNT I
AMERICANS WITH DISABILITIES ACT

7.     In 1987 plaintiff began employment with defendant.  Plaintiff held a number of different jobs during the course of her employment with defendant.  At all relevant times, plaintiff was able to perform the essential functions and requirements of her employment.

8.     On April 5, 2018 defendant terminated plaintiff from employment.

9.     Plaintiff has a disability, namely an arthritic wrist, as a result of a previous work related injury.  This disability substantially limits major life activities, namely plaintiff's ability to grip for extended periods of time and lift and hold heavy objects.

10.    At or around the time of her termination from employment, plaintiff's position was sanitation technician.  She at all times performed her job duties satisfactorily and was fully qualified by reason of training and experience to perform the duties of a sanitation technician with or without reasonable accommodation.

11.    On or about March 28, 2018 plaintiff was experiencing wrist pain due to her disability.  The sanitation technician position required her to carry and manipulate heavy hoses, which she is able to do, but which is difficult and painful given her disability.

2 -    COMPLAINT AND DEMAND FOR JURY TRIAL

12.     On or about March 28, 2018 plaintiff informed her immediate supervisor of her disability and the difficulty that it was causing her.  She requested a reasonable accommodation.  The accommodation which she requested was to be reassigned, one day a week, from sanitation technician to line work, sorting rocks and bad potatoes, in order to give her wrist a rest.

13.     On or about April 1, 2018, plaintiff made the same request for reasonable accommodation to head supervisor Dave Young.  Defendant initially granted plaintiff's request for a reasonable accommodation by assigning her on one day to make boxes, and on another day to bag potatoes.  On the following day defendant sent plaintiff back to her original job of sanitation technician.  Plaintiff believed that defendant had granted her request for a reasonable accommodation for her disability.

14.     On April 5, 2018 Dave Young terminated plaintiff from employment.  Dave Young told plaintiff that because plaintiff had asked to do another job, this meant that plaintiff could not do the sanitation technician job, so defendant had to let plaintiff go.

15.     Plaintiff was qualified for her position of employment with defendant and was able to and did perform the essential functions of such employment within acceptable limits.

16.     Defendant is in violation of the Americans with Disabilities Act, as amended, in three respects.  First, defendant refused plaintiff's request for reasonable accommodation.  Second, defendant failed and refused to enter into the interactive process with plaintiff to discuss a reasonable accommodation.   Third, defendant terminated plaintiff from employment on account of her disability.

17.     As a direct result of defendant's discriminatory conduct, plaintiff has suffered a loss of earnings and benefits.  Plaintiff is entitled to back pay and benefits from the date of termination

3 -     COMPLAINT AND DEMAND FOR JURY TRIAL

to the date of trial in an amount to be proven at trial.  Further, reinstatement is not an option.  As an equitable remedy in lieu of reinstatement, plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

18.     Plaintiff is entitled to a permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with defendant from engaging in any employment practice which discriminates on the basis of disability.

19.     As a further result of defendant's intentional acts alleged herein, plaintiff suffered emotional distress for which plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

20.     Defendant's acts were done intentionally, with an improper discriminatory motive and with reckless indifference to plaintiff's federally protected rights.  Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

21.     Plaintiff is entitled to an award of pre-judgment interest and post-judgment interest on all amounts awarded to plaintiff on account of defendant's discrimination.

22.     Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 USC §12117(a), 42 USC §12205 or other applicable statute or court rule.

COUNT II
AGE DISCRIMINATION IN EMPLOYMENT ACT

23.     Plaintiff realleges the allegations set forth in paragraphs 1 through 22 above as if set forth at length herein.

24.     Plaintiff pleads in the alternative pursuant to Federal Rule of Civil Procedure 8.

4 -     COMPLAINT AND DEMAND FOR JURY TRIAL

25.     This claim is authorized under the Age Discrimination in Employment Act, 29 USC § 621 et seq.  Jurisdiction is invoked pursuant to 28 USC §1331.

26.     Defendant is an employer within the meaning of 29 USC §630(b) having at all relevant times more than twenty (20) employees.

27.     Plaintiff is within the protected class of the Age Discrimination in Employment Act within the meaning of 29 USC §631(a) in that she is 64 years of age.

28.     This court has jurisdiction of this claim pursuant to 29 USC §626(c).  Plaintiff has exhausted all administrative remedies.  On April 30, 2018 plaintiff received a notice of right to sue from the United States Equal Employment Opportunity Commission.

29.     On April 5, 2018 defendant terminated plaintiff from employment because of her age. Plaintiff believes that defendant replaced plaintiff with a substantially younger and less qualified individual.

30.     Plaintiff at all times performed the essential functions of her job competently and was qualified for her position.

31.     As a direct result of defendant's discriminatory conduct, plaintiff has suffered a loss of earnings and benefits.  Pursuant to 29 USC §216, plaintiff is entitled to recover back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial.  Further, reinstatement is not an option.  As an equitable remedy in lieu of reinstatement, plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

32.     As a direct and proximate result of defendant's discriminatory conduct plaintiff has suffered injury, and is entitle to compensatory damages for pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, distress and loss of enjoyment of life.

5 -     COMPLAINT AND DEMAND FOR JURY TRIAL

33.     Defendant's acts were done intentionally, willfully and with improper discriminatory motive and reckless indifference to plaintiff's federally protected rights.  Plaintiff is entitled to an award of liquidated damages and/or punitive damages in an amount to be proven at trial.

34.     Plaintiff is entitled to an award of attorney fees and costs in an amount to be proven at trial.

35.     Plaintiff is entitled to an award of pre-judgment and post-judgment interest on all amounts awarded to plaintiff on account of defendant's discrimination.

WHEREFORE, plaintiff requests the court to:

1.     Assume jurisdiction over plaintiff's causes of action set forth herein;

2.     Grant a permanent injunction enjoining defendant from engaging in any employment practice which discriminates on the basis of disability or age;

3.     Order defendant to make plaintiff whole by providing compensation for non-pecuniary losses, including physical and emotional pain and suffering, in amounts as are determined at trial;

4.     Order defendant to pay plaintiff punitive damages in an amount to be determined at trial;

5.     Award plaintiff damages for lost income and benefits as back pay from date of termination to date of trial, in an amount to be proven at trial;

6.     Award plaintiff front pay and benefits as an equitable remedy in lieu of reinstatement in an amount to be proven at trial;

7.     Award plaintiff liquidated damages for defendant's willful and intentional conduct;

6 -     COMPLAINT AND DEMAND FOR JURY TRIAL

8.      Award plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 USC §12117(a) and 42 USC §12205 and 29 USC §216(b);

9.      Order defendant to pay pre-judgment and post-judgment interest on all amounts due to plaintiff as a result of this action.

10.     For such further or alternative relief in favor of plaintiff as the court deems appropriate.

DATED this 4th day of May, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By:    ___/s/_____
       James D. Holman, Esq.

### JURY TRIAL DEMAND

Plaintiff demands jury trial on all issues triable to a jury in this matter.

DATED this 4th day of May, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By:    ___/s/_____
       James D. Holman, Esq.

JSW:JDH:clm
10591\PLEADINGS\001 Complaint

7 -    COMPLAINT AND DEMAND FOR JURY TRIAL